# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**, | Case No. 3:18-mc-0438-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **EVYE SANTO**, *et al.*, | |
| Defendants. | |

Peter Szanto, 11 Shore Pine, Newport Beach, CA 92657. Plaintiff *pro se*.

Nicholas J. Henderson and Troy Garrett Sexton, Motschenbacher & Blattner, LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204. Of Attorneys for Defendants Evye Szanto, Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, and Barbara Szanto Alexander.

Gary L. Blacklidge, Jordan Ramis PC, 2 Centerpointe Drive, 6th Floor, Lake Oswego, OR 97035. Of Attorneys for the Trustee, Stephen P. Arnot.

**Michael H. Simon, District Judge.**

Before the Court is Plaintiff *pro se* Peter Szanto's motion to withdraw the reference to the bankruptcy court of one of the proceedings involving Plaintiff.[1] Plaintiff argues that withdrawal is mandatory under 28 U.S.C. § 157(d), and, alternatively, that the Court should exercise its

---

[1] Although the Court allowed Plaintiff to file two separate briefs on his motion—one discussing mandatory withdrawal and one discussing permissive withdrawal—the Court considers Plaintiff to have filed one motion seeking the same relief (withdrawal of the reference), arguing two alternative grounds.

PAGE 1 – OPINION AND ORDER

discretion and grant permissive withdrawal under the statute. Defendants argue that withdrawal is not warranted. For the reasons discussed below, the Court denies Plaintiff's motion.

**STANDARDS**

The United States District Courts have original, but not exclusive, jurisdiction over bankruptcy proceedings. 28 U.S.C. § 1334(b); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). District courts also have the authority to refer bankruptcy proceedings to the bankruptcy judges in their district. 28 U.S.C. § 157(a). The U.S. District Court for the District of Oregon has adopted a Local Rule of Bankruptcy Procedure ("Local Rules") that automatically refers "all cases Under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11" to the bankruptcy court.[2] LR 2100-1(a).

The parameters of a bankruptcy court's jurisdiction to hear and adjudicate cases and proceedings referred by the district court are classified as either "core proceedings" or "non-core proceedings." 28 U.S.C. § 157(b). "In general, a 'core proceeding' in bankruptcy is one that invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (quotation marks omitted) (alteration in original). "'Non-core proceedings' are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11." *Id.* The bankruptcy court may enter final judgments in core proceedings. 28 U.S.C. § 157(b)(1). In non-core proceedings, unless the parties consent, the bankruptcy court may not

---

[2] In the Ninth Circuit, a proceeding is related to a case under Title 11 if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original)).

enter a final judgment, but must submit proposed findings of fact and conclusions of law to the district court for *de novo* review. 28 U.S.C. § 157(c); *Sec. Farms*, 124 F.3d at 1008.

Parties in an adversary proceeding retain the right to a jury trial if that right would exist outside of bankruptcy. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-64 (1989). A party, however, may be found to have waived that right if it submitted a proof of claim in the bankruptcy proceeding, subjecting itself to the bankruptcy court's equitable power to disallow such claims and adjudicate any of the debtor's opposing counterclaims. *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990). If there is an unwaived right to a jury trial in a proceeding pending in bankruptcy court, the bankruptcy judge may conduct the jury trial only if all parties consent. 28 U.S.C. § 157(e). If the parties do not consent, the Local Rules provide that the bankruptcy judge may conduct pretrial proceedings up through the lodging of the pretrial order. LR 2100-8(a).

Under 28 U.S.C. § 157, a reference to the bankruptcy court is subject to mandatory or permissive withdrawal, depending on the circumstances. The statute provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

For permissive withdrawal, courts have identified several factors to consider in determining whether "cause" exists, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) the prevention of forum shopping; and (5) other related factors. *Sec. Farms*, 124 F.3d at 1008. "Other related

PAGE 3 – OPINION AND ORDER

factors" might include whether the issues are core or non-core proceedings, as well as the right to a jury trial. *See Rosenberg v. Harvey A. Brookstein*, 479 B.R. 584, 587 (D. Nev. 2012). The party moving for withdrawal of the reference "has the burden to show that withdrawal of the reference is warranted." *Budsberg v. Spice*, 2017 WL 3895701, at *2 (W.D. Wash. Sept. 6, 2017); *see also In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 725 (D. P.R. 1994).

## BACKGROUND

On August 16, 2016, Plaintiff filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. This commenced Bankruptcy Case No. 16-bk-33185-pcm11 (the "Main Bankruptcy Case"). On September 21, 2016, Plaintiff filed a complaint against Defendants, commencing Case No. 16-ap-3114 (the "Adversary Proceeding"), the case that is the subject of this pending motion. Plaintiff expressly consented to the entry of a final judgment by the Bankruptcy Court.

The parties engaged in discovery and litigated discovery disputes in the Adversary Proceeding. The parties filed cross motions for summary judgment in the Adversary Proceeding. Defendants moved against all of Plaintiff's claims and for judgment on one of their counterclaims. Plaintiff moved against one of Defendants' counterclaims. Plaintiff also filed motions to exclude certain evidence from the Bankruptcy Court's consideration while deciding the motions for summary judgment. The Bankruptcy Court denied one such evidentiary motion and reserved ruling on the other. Plaintiff filed a notice of appeal of those two orders of the Bankruptcy Court.

On September 6, 2017, Plaintiff filed a document purporting to withdraw his consent to the entry of final judgment by the Bankruptcy Court. On September 15, 2017, the Bankruptcy Court issued a letter notifying the parties that because Plaintiff did not file a motion or request any relief, the court would take no action in response to Plaintiff's filing. On April 16, 2018,

PAGE 4 – OPINION AND ORDER

Plaintiff filed another document purporting to elect to have the U.S. District Court enter final judgment. On April 25, 2018, the Bankruptcy Court denied Plaintiff's request to withdraw his consent to the entry of final judgment by the Bankruptcy Court. The Bankruptcy Court explained that Plaintiff could not withdraw consent because Plaintiff had previously given express consent, had waived any objection pursuant to Local Bankruptcy Rule 7008-1, had demonstrated a willingness to proceed at length with his litigation in the bankruptcy court, and had shown a lack of any other compelling basis to allow a withdrawal of consent.

On May 17, 2018, the Bankruptcy Court denied Plaintiff's cross motion for summary judgment against one of Defendants' counterclaims. The Bankruptcy Court granted Defendants' motion for summary judgment against all of Plaintiff's claims and denied Defendants' motion on their second counterclaim. The Bankruptcy Court dismissed Plaintiff's claims against Defendants and found issues fact on Defendants' counterclaims against Plaintiff, leaving those claims for trial. Plaintiff filed an appeal with this Court challenging the Bankruptcy Court's summary judgment opinion.

Meanwhile, in the Main Bankruptcy Case, the Internal Revenue Service moved to convert the case from Chapter 11 to Chapter 7. The Bankruptcy Court granted this motion. Plaintiff also filed an appeal with this Court challenging that order by the Bankruptcy Court.

## DISCUSSION

Defendants argue that withdrawal of the reference is not appropriate because Plaintiff's motion is not "timely," as required by 29 U.S.C. § 157(d) for both permissive and mandatory withdrawal. Defendants also argue that Plaintiff fails to show cause for permissive withdrawal and the "material and substantial" application of other laws to support mandatory withdrawal. Finally, Defendants argue that Plaintiff has waived his right to request withdrawal of the reference by expressly and irrevocably consenting to the entry of final judgment by the

PAGE 5 – OPINION AND ORDER

Bankruptcy Court. The Court first addresses Defendants' arguments about timeliness and waiver through consent, and then addresses whether Plaintiff has met his burden of showing that withdrawal is warranted.

**A. Timeliness**

"The 'threshold question' in evaluating a motion to withdraw the reference under 28 U.S.C. § 157(d) is whether the motion was made in a timely manner." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (citing *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993)). Under the Local Rules, to be timely a motion to withdraw the reference "must be filed with the movant's first pleading or motion." LR 2100-3(c)(1). This period may be extended upon a motion demonstrating "excusable neglect," but such a motion "will ordinarily be denied if made more than twenty (20) days after the specified time period." LR 2100-3(c)(2).

Plaintiff commenced the Adversary Proceeding on September 21, 2016. He filed his motion for withdrawal of the reference on May 1, 2018, more than 19 months after he commenced the proceeding.[3] The motion to withdraw the reference is docket number 354 in the docket of the Adversary Proceeding. It was filed after Plaintiff filed, among other things, his complaint, his first amended complaint, a motion to dismiss counterclaims, his answer to the counterclaims, a motion for sanctions, numerous additional nondispositive motions and responses to motions, a motion to further amend his complaint, and a motion for partial summary judgment. Even if Plaintiff's notice to revoke his consent to final judgment, filed September 6, 2017, is considered a motion to withdraw the reference, that filing is still nearly one year after

---

[3] Plaintiff notes that he originally sent the motion for filing on March 20, 2018, but it was rejected for lack of a filing fee. The difference in time between March 20, 2018 and May 1, 2018 is insubstantial with respect to determining timeliness.

Plaintiff commenced the Adversary Proceeding and after Plaintiff filed nearly all the same motions and pleadings.

The motion for withdrawal of the reference was not filed with Plaintiff's first (or second, or third, or tenth) pleading or motion. Plaintiff filed no motion for extension of time. Even if the Court construes Plaintiff's motion as implicitly containing a motion to request an extension of time, his motion to withdraw was not filed close to 20 days from his first pleading (the complaint that began the Adversary Proceeding) and does not show excusable neglect. Plaintiff's motion is untimely under the Local Rules.

Plaintiff argues that the time limitation in Local Rule 2100-3(c) conflicts with § 157(d) because the statute contains no time restriction, and thus the time limitation of the Local Rules must be disregarded.[4] The statute, however, expressly states—twice—that a motion for withdrawal by a party must be "timely." The statutory requirement that the motion must be timely necessarily implies a time limitation can be set. The Local Rules set that time limitation.

Moreover, even if the Court disregards the specific timing required in the Local Rules, "[a] motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, 124 F.3d at 1007 n.3. A party must therefore move for withdrawal "at the first reasonable opportunity" given "the specific factual context [of the case]" *In re GTS*, 2010 WL 4878839, at *2 (alterations in original) (quoting *Stratton v. Vita Bella Grp. Homes, Inc.*, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007)). There was no new event that triggered Plaintiff moving for withdrawal of the reference, such as an amended counterclaim asserting new claims over which Plaintiff did not believe the

---

[4] Plaintiff also notes that Local Rule 2100-4 contains no time limit. That Rule, however, only applies to recommendations for withdrawal made by the bankruptcy judge and is not relevant here.

Bankruptcy Court had jurisdiction or some other event that changed the relationship between Plaintiff and the bankruptcy estate. Instead, Plaintiff became unhappy with the rulings of the Bankruptcy Court and wanted this Court to take over adjudicating the Adversary Proceeding. That desire, however, does not render Plaintiff's motion timely. Waiting from one year (if his motion revoking consent to an entry of final judgment is construed as a motion for withdrawal of the reference) to 19 months and after more than 300 documents were filed to move to withdraw the reference is not "prompt," nor is it "the first reasonable opportunity." As a result, Plaintiff's motion is untimely. As discussed below, however, even if it were timely, it would be denied.

**B. Consent and Waiver**

A bankruptcy court otherwise lacking adjudicatory power may nevertheless enter final judgment with the express or implied consent of the parties. *Wellness International Network, Ltd. v. Sharif*, --- U.S. ---, 135 S. Ct. 1932, 1947-48 (2015). "The key inquiry is whether the 'litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator." *Id.* at 1948 (quoting *Roell v. Withrow*, 538 U.S. 580, 590 (2003)). Plaintiff gave express verbal consent to the Bankruptcy Court entering final judgment.

Defendants argue that Plaintiff's express consent is irrevocable and thus Plaintiff may not move to withdraw the reference. The Court does not agree that a plaintiff may not revoke an express consent to the bankruptcy court.

Courts have recognized that express consent may be withdrawn, under appropriate circumstances. *See In re Kingsley Capital, Inc.*, 423 B.R. 344, 352 (10th Cir. B.A.P. 2010) ("This Court does not agree that revocation of a party's consent under § 157(c)(2) requires a motion to withdraw the reference, as stated in *Veldekens*. Such a motion would have to be made to the district court, as opposed to a motion to withdraw consent, which could be made to the

PAGE 8 – OPINION AND ORDER

bankruptcy court. However, we do agree that withdrawal of § 157(c)(2) consent does require both a motion and a showing of good cause . . . ."); *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 769-70 (S.D. Tex. 2007) ("Finally, the Veldekens' consent alone does not serve as a complete bar to withdrawal. . . . Congress has provided an outlet for parties like the Veldekens who originally consent to adjudication in an adjunct court, but later seek a trial in the district court. When a party consents to magistrate adjudication, they must file a motion to withdraw their consent. Likewise, a party who consents to final adjudication by the Bankruptcy Court must file a motion to withdraw the reference. In either situation, the party must show 'good cause.'" (citation omitted)); *cf. True Traditions, LC v. Wu*, 552 B.R. 826, 839 (N.D. Cal. 2015) ("After the bankruptcy court's summary judgment order issued, Appellant could have filed a motion to withdraw its consent. Appellant remained silent, proceeding through trial and post-trial briefing without raising the issue of consent again until this appeal."); *In re Death Row Records, Inc.*, 2012 WL 1033350, at *4 (C.D. Cal. Mar. 8, 2012) ("Although consent may be withdrawn by a party, it may only be withdrawn if the notice of withdrawal is timely, *i.e.*, when withdrawal would not unduly interfere with or delay the proceedings."); *In re Peacock*, 455 B.R. 810, 813 (Bankr. M.D. Fla. 2011) ("The Defendant's last-minute, indirect attempt to revoke its deemed consent to the undersigned's deciding this proceeding is not well-taken, especially without a showing of cause—perhaps even good cause. The Court need not decide here the quantum of cause required; that is because the Defendant has not filed a motion to withdraw its admission. But the Court observes that, as with other requests to amend pleadings, the closer a party is to trial, the more scrutiny is warranted." (citation omitted)).

Plaintiff's consent was not irrevocable and is not a *per se* waiver to a withdrawal of reference. Plaintiff filed two separate documents with the Bankruptcy Court that, given

Plaintiff's *pro se* status, could reasonably be interpreted as motions to withdraw his consent. Indeed, the Bankruptcy Court construed Plaintiff's latest filing as a such and denied Plaintiff's request to withdraw consent.

Plaintiff, however, fails to show the requisite cause why his consent should be allowed to be withdrawn. As discussed above, Plaintiff engaged in extensive litigation in the bankruptcy court before moving to withdraw his consent. The primary argument raised by Plaintiff is that the bankruptcy court judge is biased against Plaintiff, has animus against Plaintiff, and rules against Plaintiff in every motion and dispute. As noted by the Bankruptcy Court for the Southern District of New York, consents to final determinations by a bankruptcy court "would be rendered meaningless if they could be withdrawn because a party does not like the way a litigation is progressing . . . . 'Good cause' to revoke a consent requires something much more than a mere change of heart, and that is all that we had in this case." *In re Stage Presence, Inc.*, 592 B.R. 292, 296-97 (Bankr. S.D.N.Y. 2018).

Plaintiff is dissatisfied with comments made and rulings issued by the Bankruptcy Court. Plaintiff also contends that the bankruptcy judge feels "hatred" towards Plaintiff and thus the judge cannot be impartial. These assertions are insufficient to show bias or prejudice by the judge in the Bankruptcy Court. As explained by the Supreme Court:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.
>
> * * *
>
> First, judicial rulings alone almost never constitute a valid basis for

> a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 550-51, 555-56 (1994) (emphasis in original) (citation omitted).

The Court agrees with the Bankruptcy Court that under the facts of this case, Plaintiff fails to show cause why his consent to the entry of final judgment by the Bankruptcy Court should be revoked. The Supreme Court has "recognized the value of waiver and forfeiture rules in complex cases." *Stern v. Marshall*, 564 U.S. 462, 481 (2011) (quotation marks omitted). "In such cases, as here, the consequences of a litigant sandbagging the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor—can be particularly severe." *Id.* at 482 (quotation marks, alterations, and citation omitted). Plaintiff expressly "stated to the Bankruptcy Court that he was happy to litigate there. [The Court] will

PAGE 11 – OPINION AND ORDER

not consider his claim to the contrary, now that he is sad." *Id.* Thus, withdrawal of Plaintiff's consent, and as a result, withdrawal of the reference, is not appropriate.

**C. Mandatory Withdrawal**

Even if there were no issues of timeliness and consent, Plaintiff fails to meet his burden to show that mandatory withdrawal is warranted. Mandatory withdrawal is appropriate when the proceedings require consideration of "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Ninth Circuit, in *dicta*, has interpreted this provision to compel withdrawal "in cases requiring material consideration of non-bankruptcy federal law" or requiring "substantial and material questions of federal law." *Sec. Farms*, 124 F.3d at 1008, 1008 n.4. Although the Ninth Circuit has not further defined what constitutes "material consideration of non-bankruptcy federal law," other courts have found that mandatory withdrawal is proper only where the issues of non-bankruptcy federal law "require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996). The legal questions "must involve more than mere application of existing law to new facts." *Id.*; *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) ("[Mandatory withdrawal] is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding.").

As the Seventh Circuit noted, a literal reading of the statute to require withdrawal of every proceeding that involves interpretation of federal law outside title 11 would "eviscerate much of the work of the bankruptcy court." *In re Vicars*, 96 F.3d at 952. As a district court within this Circuit has explained:

> Cases involving significant interpretation require mandatory
> withdrawal, while those involving simple application do not. As at
> least one district court has noted, "[t]he emerging trend in cases
> applying § 157(d) indicates that withdrawal is mandatory only if
> the Bankruptcy Court is required to interpret an uncertain legal
> standard, as opposed to applying fixed legal standards to a given
> set of facts." *Dow Jones/Group W Television v. NBC, Inc.*, 127
> B.R. 3, 4 (S.D.N.Y.1991). In *NBC, Inc.*, the court held that it was
> not required to withdraw the reference because the case appeared
> to require the mere application of antitrust principles to new facts.
> *Id.* at 5.

*Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 222-23 (D. Haw. 2006) (alteration in original). The Court finds persuasive the reasoning and statutory interpretation of the courts in *Vicars* and *Hawaiian Airlines* and applies it here.

Plaintiff argues that non-title 11 statutes require consideration in this case because there is a 12-year history among the parties, who live in different states. This is not a basis for mandatory withdrawal. Plaintiff also makes general references to interstate commerce, bank fraud, the First Amendment, and other non-title 11 laws. Plaintiff does not, however, explain how these laws or constitutional provisions require the Bankruptcy Court to interpret an uncertain legal principle as opposed to applying a fixed legal standard to a given set of facts. Indeed, Plaintiff appears to be asserting the latter, but arguing that the Bankruptcy Court is biased. For example, Plaintiff argues that Defendants engaged in bank fraud to Plaintiff's detriment, but that Plaintiff cannot adjudicate that claim in Bankruptcy Court because the judge denied Plaintiff's motion to compel. Unhappiness with the rulings by the Bankruptcy Court is not a basis for mandatory withdrawal.

Even if non-title 11 statutes were involved and did require substantial and material consideration, a district court may allow the bankruptcy court to retain jurisdiction for all pretrial matters and allow a party moving for withdrawal of the reference to renew the motion only if the matter goes to trial. *See, e.g.*, LR 2100-8(a); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101-02

PAGE 13 – OPINION AND ORDER

(2d Cir. 1993) ("[A] district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial . . . and therefore might conclude that the case at that time is best left in the bankruptcy court."); *In re Bradford*, 2019 WL 96221, at *4 (D. Idaho, Jan. 3, 2019) (noting that "the Court is not required to immediately withdraw the reference. Rather, it is permissible for the bankruptcy court to handle all preliminary matters up to the point of trial" and allowing the matter to remain in the bankruptcy court until trial, including for resolution of dispositive motions); *Franchise Mgmt Servs., Inc. v. Righetti Law Firm, P.C.*, 2009 WL 3254442, at *4 (S.D. Cal. Sept. 30, 2009) (denying as premature motion for withdrawal without prejudice and with "leave to refile . . . if it becomes clear that the case will proceed to trial"); *In re Lars, Inc.*, 290 B.R. 467, 469 (D. P.R. 2003) (noting that district courts have "the option of withdrawing the entire adversary matter, or withdrawing only the trial portion, leaving the pre-trial and discovery matters to be handled by the bankruptcy judge"). Thus, the Court would deny Plaintiff's motion on mandatory grounds even if non-title 11 statutes were involved, the motion was timely, and Plaintiff's consent to the Bankruptcy Court entering final judgment was accepted as withdrawn. Under those circumstances, the Court would have only permitted a renewed motion to withdraw the reference if it became clear that Plaintiff's claims were going to trial.

### D. Permissive Withdrawal

Similarly, even if there were no issues of timeliness and consent, Plaintiff fails to show that the relevant factors support discretionary withdrawal. Plaintiff's primary argument is that the judge in the Bankruptcy Court is biased. Plaintiff asserts that the judge "hates" Plaintiff, rules against Plaintiff on every dispute and will do so without regard to the merits of the dispute, and, knowing Plaintiff's health issues and the toll the litigation places on Plaintiff, wants Plaintiff "dead" by issuing "vindictive" decisions that cause Plaintiff undue stress. Plaintiff offers

PAGE 14 – OPINION AND ORDER

examples, including the fact that the Bankruptcy Court repeatedly refused Plaintiff electronic filing status from the start of his bankruptcy. Plaintiff asserts that this refusal has caused him to incur significant expense (more than $4,400) to send documents by overnight delivery and has resulted in reduced time for Plaintiff to file documents because he has to send them by a delivery service for receipt during the Court's business hours instead of through electronic delivery up to 11:59 p.m. on the due date. Plaintiff notes that he has been allowed to file electronically in every other court in which he has appeared, including in this Court. Plaintiff also argues that he has received disparate treatment in other ways, such as when he issued subpoenas that were challenged, the Bankruptcy Court quashed the subpoenas but when he challenged subpoenas that had a blank certificate of service, arguing that they were not served on him as required, his challenge was rejected.

The Court acknowledges that the denial of electronic filing status may be frustrating for Plaintiff and may result in additional time and expense for Plaintiff, particularly given that Plaintiff resides out of state and cannot personally deliver documents for filing. The Court notes, however, that the Bankruptcy Court does not have the same Local Rule as does this Court, expressly allowing *pro se* litigants to apply for ECF filing privileges. The Court also notes that the only avenue available to *pro se* litigants to obtain ECF filing privileges in the Bankruptcy Court is approval by the Chief Judge of the Bankruptcy Court, who denied Plaintiff's application. Thus, Plaintiff's inability to obtain ECF privileges was not the decision of the bankruptcy judge whom Plaintiff challenges as biased.

The Court accepts, however, that Plaintiff is upset with the bankruptcy judge's other rulings. This does not, however, support withdrawal of the reference. As discussed above, judicial rulings "[a]lmost invariably" do not show bias or prejudice. *Litesky*, 510 U.S. at 555.

Only if the judge displays a "deep-seated and unequivocal antagonism that would render fair judgment impossible" might recusal for bias or prejudice be warranted. *Litesky*, 510 U.S. at 556. Plaintiff also complains that the bankruptcy judge made comments about Plaintiff's last name and demeanor, and made comments "in the abstract" about Plaintiff's credibility. Plaintiff fails to show that the bankruptcy judge displayed the necessary level of antagonism, as opposed to "hostile," "critical," "disapproving," "stern," or even "short-tempered" conduct or comments, "ordinary admonishments (whether or not legally supportable)," or expressions of "impatience, dissatisfaction, annoyance, and even anger"—none of which is sufficient to support a claim of bias or prejudice. *Id.* at 555-56. Thus, the Court rejects Plaintiff's argument that the bankruptcy judge has a bias against Plaintiff that is sufficient cause to support withdrawal of the reference.

An evaluation of the traditional factors for discretionary withdrawal also support keeping the case in the Bankruptcy Court. The efficient use of judicial resources, the delay and cost to the parties, and the uniformity of bankruptcy administration are all best served by keeping the case in the Bankruptcy Court. That court has been adjudicating the Adversary Proceeding, along with the Main Bankruptcy Case and other related adversary proceedings, for years. The judge is familiar with the facts and the issues. The trial on Defendants' counterclaims is set for August 2019. Although there are several appeals of decisions by the Bankruptcy Court pending before this Court, all but the appeal of the decision to convert Plaintiff's bankruptcy from Chapter 11 to Chapter 7 have been stayed, at the request of Plaintiff (and over the objection of Defendants). Any trial before this Court would occur much later than August 2019.

Plaintiff notes that there are cases pending in California and Nevada as grounds for this Court's jurisdiction, but fails to explain why this Court taking jurisdiction of one adversary proceeding makes litigation of any of the cases more efficient. The Main Bankruptcy Case and

the other related adversary proceedings will continue to be litigated in the Bankruptcy Court. The California and Nevada actions presumably will continue to be litigated in those courts. The resolution of this case will only be further delayed if the reference is withdrawn.[5] The Court does not believe that the fact that there are cases pending in Nevada and California supports the withdrawal of the reference. To the extent it does, any benefit is outweighed by the delay and inefficiencies to the parties' and judicial resources in having this Adversary Proceeding adjudicated separately from the other related bankruptcy proceedings, and the lack of uniformity of bankruptcy administration.

As for the factor of the prevention of forum shopping, it also is best served by the Court declining to withdraw the reference. The Court is concerned about the possibility of forum shopping. Plaintiff describes in his declaration that he was concerned by the conduct and comments of the bankruptcy judge in September and October 2016, yet Plaintiff gave express consent to the entry of final judgment by the Bankruptcy Court in January 2017. Plaintiff did not file anything related to withdrawing consent until September 2017, after the Bankruptcy Court had issued rulings adverse to Plaintiff. The fact that Plaintiff gave express consent and only after becoming dissatisfied with the rulings of the Bankruptcy Court did Plaintiff attempt to withdraw consent and then move to withdraw the reference triggers concerns about forum shopping. *See Katzev v. Dunavant*, 1997 WL 786461, at *5 (E.D. Pa. Nov. 20, 1997) ("In fact, this Court would promote forum shopping by withdrawing reference upon request of parties that had earlier

---

[5] Plaintiff asserts that if the reference is withdrawn, he will move to change venue of this action to the U.S. District Court in California and move to consolidate this case with the case proceeding in that court. Whether venue in California is appropriate and whether the proceedings could be consolidated is not currently before the Court, however, and would involve additional litigation and expense to the parties. Merely because Plaintiff intends to move to change venue and move to consolidate this case with the case pending in the U.S. District Court in California if the reference is withdrawn does not support withdrawing the reference.

PAGE 17 – OPINION AND ORDER

consented to final judgment by the bankruptcy court, when the bankruptcy court may be authorized to decide the case."). Evaluating the discretionary factors, even if Plaintiff's motion for permissive withdrawal were appropriate for merits consideration, the Court would deny the motion.

**CONCLUSION**

Plaintiff's motion to withdraw the reference to the Bankruptcy Court (ECF 21, 27) is DENIED.

**IT IS SO ORDERED**.

DATED this 1st day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
